McDONALD, Justice,
concurring.
We are limited to reviewing only the issues of whether the proposed amendment complies with the single-subject requirement and the ballot summary and title requirements. Advisory Opinion to the Attorney General-Limited Political Terms in Certain Elective Offices, 592 So.2d 225 (Fla.1991). I concu' with the majority that the proposed amendment complies with the constitutional and statutory requirements. The merit of the proposed amendment is to be decided by the voters of Florida and this *1000 Court’s opinion regarding the wisdom of any proposed amendment is irrelevant to its legal validity. I am concerned, however, that the net fishing amendment is more appropriate for inclusion in Florida’s statute books than in the state constitution.
The legal principles in the state constitution inherently command a higher status than any other legal rules in our society. By transcending time and changing political mores, the constitution is a document that provides stability in the law and society’s consensus on general, fundamental values. Statutory law, on the other hand, provides a set of legal rules that are specific, easily amended, and adaptable to the political, economic, and social changes of our society.
The power to change both the constitution and statutory law is, theoretically, vested in the people. The power to amend the constitution is implicit in the declaration in article I, section 1, Florida Constitution, that “[a]ll political power is inherent in the people.” Talbot D’Alemberte, Commentary, 25A Fla.Stat.Ann. 16 (1991). The 1968 revision of the state constitution adopted the Revision Commission’s recommendation to include a section explicitly dealing with the initiative process. According to article XI, section 3, “[t]he power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people.... ” Recognizing the sovereignty of the people, I still feel compelled to express my view that the permanency and supremacy of state constitutional jurisprudence is jeopardized by the recent proliferation of constitutional amendments.[2]
Undoubtedly, some of Florida’s most crucial legal principles have evolved as a result of the initiative process. However, the legislative power of the state is vested in the Legislature, art. Ill, § 1, and on matters that are statutory in nature, a concerted effort should be made to have the Legislature address the subject. The technical requirements, such as the single-subject rule and the requirements of section 101.-161(1), Florida Statutes (1991), appear insufficient to prevent abuse of the amendment process.[3] At this juncture, rather than espouse any particular solution as to how to prevent such abuse, I merely express my thought that some issues are better suited as legislatively enacted statutes than as constitutional amendments. It is my hope that the next Revision Commission will have the opportunity to establish some criteria regarding the subject matter of initiatives that will preserve the constitution as a document of fundamental laws, while still preserving the popular power of the people.
BARKETT, C.J., and OVERTON and KOGAN, JJ., concur.

. Florida’s constitution is one of the most easily amended constitutions in the country. Michael G. Colantuono, Comment, The Revisions of American State Constitutions: Legislative Power, Popular Sovereignty, and Constitutional Change, 75 Cal.L.Rev. 1473, 1509 n. 232 (1987). Between 1968 and 1984, Florida's constitution was amended forty-one times, at a rate of 2.4 amendments per year. Id. Since 1980, thirty-seven of the forty-four proposed amendments have been adopted. Six of the proposed amendments were by initiative, and four of them were adopted.

. State constitutions generally do not restrict the subject matter that may be addressed by ballot propositions. James M. Fisher, Ballot Propositions: The Challenge of Direct Democracy to State Constitutional Jurisprudence, 11 Hastings Const.L.Q. 43 (1984). However, there are exceptions. For example, Illinois constitution restricts initiatives to matters addressing the composition, duties, and powers of the legislature. Ill.Const., art. XIV, § 3.